UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSHUA DOEPKER, | ) | CASE NO. 5:07CV2456 |
| Plaintiff | ) ) ) | |
| vs. | ) ) | JUDGE JOHN R. ADAMS |
| EVEREST INDEMNITY INSURANCE CO., et al. | ) ) ) ) | **ORDER** |
| Defendants | ) ) | [Resolving Docs. 6, 13, 28] |

This matter comes before the Court on Plaintiff's Motion to Remand (Doc. 6), Plaintiff's Motion for Sanctions (Doc. 13) and Plaintiff's Motion for Reconsideration (Doc. 28). Defendant Everest Indemnity Insurance Company has opposed each of these motions, and extensive briefing has been submitted by each side. The Court has been advised, having reviewed the motions, the briefing from each party, and all other relevant materials, and concludes, for the reasons that follow, that each of Plaintiff's motions is DENIED.

FACTUAL AND PROCEDURAL HISTORY

On October 27, 2006, Plaintiff Joshua Doepker was shot as he waiting in the parking lot of a Canton, Ohio, apartment complex. The injuries he sustained rendered him a quadriplegic. The individual who fired the shot that injured Doepker was Kevin Johnson, a security guard for Willo Security, Inc., which maintained a liability insurance policy with Everest.

Doepker brought suit against Willo and Johnson in the Stark County, Ohio, Court of Common Pleas on March 21, 2007. According to the docket in that case, service of the complaint was completed upon Willo and Johnson by March 26, 2007. The docket also reflects that no defense was mounted by Willo or Johnson before Doepker filed for default judgment on April 30, 2007, which the state court granted on the same day. The court then scheduled the

matter for a damages hearing May 9, 2007. Willo and Johnson docketed their motion to file their answer instanter on May 11, 2007. Doepker's opposition to that motion was docketed on May 10, 2007. Counsel for Willo and Johnson filed his notice of appearance May 11, 2007, with additional counsel filing appearances on May 23, 2007. After a damages hearing, the state court filed its judgment entry awarding approximately $52.4 million to Doepker on June 13, 2007.

According to the state court docket, Willo and Johnson did not file a Civ.R. 60(B) motion to vacate the judgment against them, nor did they satisfy the judgment. On July 17, 2007, Doepker filed a supplemental complaint in the Stark County Court of Common Pleas pursuant to Ohio Rev. Code § 3929.06, naming as defendants Everest, Willo and Johnson. Everest removed that action to this Court on August 13, 2007, on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1441, and Doepker filed his Motion to Remand on August 23, 2007.

This Court held a Case Management Conference on the record on November 7, 2007. Counsel for Doepker, for Willo and Johnson, and for Everest argued the motion to remand. The Court, having heard each party's argument, denied Doepker's motion to remand, stating its reasons on the record. However, that ruling had not been docketed by the Court before Doepker requested, in a telephone conference with the Court, to file a motion to reconsider, which the Court permitted. Everest had the opportunity to respond to that motion.

## LEGAL STANDARD

A defendant may remove an action from state court to federal court if the plaintiff could have filed suit originally in federal court. 28 U.S.C. § 1441(a). The burden of demonstrating this Court's jurisdiction lies with the removing defendant, who must show that the parties are citizens of different states and that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . ." 28 U.S.C. § 1332(a). The removing defendant must

demonstrate diversity jurisdiction by a preponderance of the evidence. *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572-73 (6th Cir. 2001).

ANALYSIS

**1.     Motion to Remand**

The issue at the heart of Doepker's Motion to Remand is whether Willo and Johnson are properly joined as defendants in the supplemental complaint. In its notice of removal, Everest indicates that Doepker is a resident of Canton, Ohio, and that Everest is a Delaware corporation with its principal place of business in Liberty Corner, New Jersey. Were Doepker and Everest the only parties named in the supplemental complaint, Everest would have a clearer argument for removal and for this Court's diversity jurisdiction. However, if Willo and Johnson are properly named as defendants in this action, they destroy diversity because they are also residents of Ohio.

Everest contends that Willo and Johnson are "improperly joined and/or procedurally misjoined as defendants in the Supplemental Complaint." (Notice of Removal, para. 7). In support of this contention, Everest cites the Ohio supplemental complaint statute, which reads as follows:

> (A)(1) If a court in a civil action enters a final judgment that awards damages to a plaintiff for injury, death, or loss to the person or property of the plaintiff or another person for whom the plaintiff is a legal representative and if, at the time that the cause of action accrued against the judgment debtor, the judgment debtor was insured against liability for that injury, death, or loss, the plaintiff or the plaintiff's successor in interest is entitled as judgment creditor to have an amount up to the remaining limit of liability coverage provided in the judgment debtor's policy of liability insurance applied to the satisfaction of the final judgment.
>
> (2) If, within thirty days after the entry of the final judgment referred to in division (A)(1) of this section, the insurer that issued the policy of liability insurance has not paid the judgment creditor an amount equal to the remaining limit of liability coverage provided in that policy, the judgment creditor may file in the court that entered the final judgment a supplemental complaint against the insurer seeking the entry of a judgment ordering the insurer to pay the judgment

>creditor the requisite amount. Subject to division (C) of this section, the civil action based on the supplemental complaint shall proceed against the insurer in the same manner as the original civil action against the judgment debtor.

Ohio Rev. Code § 3929.06.

Everest further asserts that "removal is permissible 'when the plaintiff has not or cannot state a claim for relief against the individual or entity under the applicable substantive law or does not intend to secure a judgment against the particular defendant.'" (Notice of Removal, para. 11, quoting Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 3d* § 3723. Everest argues that removal is proper because Willo and Johnson are not insurers and the limits of the liability insurance policy are not recoverable from them, and therefore they are therefore improperly joined.

Doepker first argues that the supplemental complaint proceedings must take place in the court in which final judgment was filed. In support of this proposition, he cites the following language in Ohio Rev. Code § 3929.06(A)(1): "[T]he judgment creditor may file in the court that entered the final judgment a supplemental complaint against the insurer," and, "[T]he civil action based on the supplemental complaint shall proceed against the insurer in the same manner as the original civil action against the judgment debtor." As part of his argument, Plaintiff contends that the statue does not preclude the naming of the original defendants in the underlying action, and that the supplemental complaint is simply intended to be a proceeding subordinate to the original action, occurring in the same court and involving the same parties.

The Court rejects Plaintiff's first argument. It is illogical to contend that a judgment creditor would pursue a judgment debtor for an amount covered by an insurance policy, a point which is borne out in the plain language of the statute: "[T]he plaintiff or the plaintiff's successor in interest is entitled as judgment creditor to have an amount *up to the remaining limit of liability coverage provided in the judgment debtor's policy of liability insurance* applied to the

4

satisfaction of the final judgment." Ohio Rev. Code § 3929.06(A)(1) (emphasis added). Furthermore, the supplemental complaint statute expressly names the insurer of the judgment debtor as a necessary party, and has entirely excluded the judgment debtor from the provisions for the supplemental complaint action. In the event that the insurer has not paid the limits of the policy within thirty days of a judgment being entered against the judgment debtor, the judgment creditor may file a supplemental complaint "*against the insurer* seeking the entry of a judgment ordering *the insurer* to pay the judgment creditor the requisite amount." Ohio Rev. Code § 3929.06(A)(2) (emphasis added).

Finally, at least one Ohio court has found that "[Ohio Rev. Code] § 3929.06, by its terms, may be used only to bring insurers into an action. The statute creates a subrogation suit, wherein the injured party stands in the shoes of the insured against his insurer." *Paroline v. Doling & Assoc.*, 1990 Ohio App. LEXIS 4952, at *16 (Ohio Ct. App. 1990).

This Court concludes that, because the plain language of the statue contemplates only that a supplemental complaint will be brought against the insurer, and because a plaintiff who brings a supplemental complaint seeks only to obtain the policy limits of a liability policy, the insurer is the only properly-named defendant. Doepker's first argument is not well taken.

He next argues that there is a question as to whether Everest is actually liable on the policy. In such a situation, he contends, the insured may participate in the supplemental action to establish the insurer's liability under the policy. Doepker cites to the Ohio Supreme Court's ruling in *Wright v. Schick*, 134 Ohio St. 193 (Ohio 1938), for the proposition that "[t]he insured has a right to participate in the action, and if the insurer denies its potential liability, the insured may act to establish the insurer's responsibility in furtherance of his own pecuniary interests." (Mot. to Rem., p. 4).

5

Although the facts in the *Wright* case were similar to those before the court in this case, the case is inapposite because of the language of the statute in effect at the time. *Wright* involved a motor vehicle accident in which the tortfeasor struck a vehicle carrying two individuals, each of whom sued the tortfeasor. After the plaintiffs had secured judgments against the tortfeasor and those judgments remained unsatisfied for thirty days, the plaintiffs proceeded against the tortfeasor's insurer, and included the tortfeasor as a defendant in the supplemental action. The *Wright* court, in examining whether the tortfeasor was properly named, recorded that the governing supplemental complaint statute, then Section 9510-4, General Code (108 Ohio Laws, pt. 1, 386), read as follows:

> Upon the recovery of a final judgment against any . . . person . . . by any person . . . for loss or damage on account of bodily injury . . . , if the defendant in such action was insured against loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money provided for in the contract of insurance between the insurance company and the defendant applied to the satisfaction of the judgment, and if the judgment is not satisfied within thirty days after the date when it is rendered, the judgment creditor may proceed in a legal action *against the defendant and the insurance company* to reach and apply the insurance money to the satisfaction of the judgment.

(Emphasis added). This former version of the statute expressly required that the plaintiff name both the defendant (or judgment debtor) and the insurance company. As discussed above, the current statute has no such requirement, and in fact never mentions joining the judgment debtor.

To the extent that the Ohio Supreme Court has more recently held that an insured has a right to participate in a supplemental complaint action, that holding was quite narrow and specific. In *Hammon v. McLaughlin*, 6 Ohio St.3d 227 (Ohio 1983), the Ohio Supreme Court considered a situation in which a tortfeasor had been employed by an insured, and the supplemental complaint action raised questions about whether the tortfeasor had permission to use the insured's vehicle at the time of the accident. The court's holding was that "a named

6

insured remains a party in a supplemental proceeding brought pursuant to R.C. 3929.06 when the question of whether the named insured had granted the tortfeasor permission to use the named insured's vehicle must be ascertained in the supplemental proceeding." *Id.* at 230. This case has subsequently been cited for that very narrow proposition. *See Paroline*, 1990 Ohio App. LEXIS 4952, at *18 ("The Supreme Court [of Ohio] has held that an insurer named in an action brought under R.C. 3929.06 remains a party if there is a question as to whether the tortfeasor had permission to use the vehicle."). It has not been cited for a broader proposition in the examination of a supplemental complaint under Ohio Rev. Code § 3929.06, nor has it been cited for the proposition that an insured always or necessarily has the right to participate in the supplemental proceeding. Until the Ohio courts decide otherwise, this Court is bound by the narrowness of the *Hammon* decision under the rules of diversity jurisdiction.

In his third argument, Doepker contends that because a supplemental complaint brought pursuant to Ohio Rev. Code 3929.06 is a subordinate action, it should only be maintained in the court in which the original judgment was obtained. He argues that the general removal statute, 29 U.S.C. § 1441, requires that a civil action subject to diversity not be "ancillary, incidental, or auxiliary to a suit in state court." *Ohio v. Doe*, 433 F.3d 502, 506 (6th Cir. 2006).

Although Doepker argues from a case that does not deal specifically with Ohio Rev. Code § 3929.06, the Sixth Circuit has spoken on the exact issue now before the Court. "[T]his Court has previously recognized the propriety of bringing a diversity action based on section 3929.06. *See Ayers v. Kidney*, 333 F.2d 812 (6th Cir. 1964)." *Ridge v. National Am. Ins. Co.*, No. 93-4026, 1995 U.S. App. LEXIS 635, at *3 (6th Cir. 1995). Therefore, the Court finds Doepker's argument on this point unpersuasive.

Doepker's final argument, which is that the residence of the insured should be imputed to the insurer under 28 U.S.C. § 1332(c)(1), is likewise unpersuasive.  The Sixth Circuit has clearly found that the federal courts may hear supplemental actions under Ohio Rev. Code § 3929.06.[1]

**2.      Motion for Reconsideration**

The Court must also address Doepker's Motion for Reconsideration in which he contends that the Everest's Declaratory Judgment action in state court precludes this Court's exercise of jurisdiction over the supplemental complaint.  On June 6, 2007, Everest filed a declaratory judgment action in Common Pleas Court in Lake County and Everest's counsel received admission to practice in Lake County pro hac vice.  Doepker moved to have the action transferred to Stark County, which motion was ultimately granted.  When Everest sought to dismiss in Stark County, Doepker opposed on the grounds that Everest's counsel was not admitted to practice in Stark County.  The court denied Everest's motion for the reasons cited by Doepker.  Everest has attempted to appeal the state court's denial of its motion to dismiss, which the state court indicated in its denial was not a final appealable order, and for that reason the matter has continued to pend in the Stark County Court of Common Pleas.

The crux of Doepker's argument in his motion for reconsideration is that the case now before this Court is a declaratory judgment action, and will therefore conflict with the state court proceedings in Stark County.  On the basis of the Sixth Circuit's decision in *Travelers Indem. Co. v. Bowling Green Prof'l Assocs., PLC*, 495 F.3d 266 (6th Cir. 2007), Doepker argues that this Court should remand this matter because the state courts are the best forum for declaratory judgment actions involving the question of an insurer's obligation to defend its insured's claim.

However, the case before this court is not a declaratory judgment action of the type found

---

[1] The Court would also note that the only case Doepker has cited in support of this argument is a 1967 case out of the district court in Tennessee (*Lane v. Ins. Co. of N. Am.*, 268 F. Supp. 345 (E.D. Tenn. 1967)) that deals only with the diversity statute.  This Court is clearly bound by the *Ridge* holding, which is directly on point.

8

in *Travelers*, brought by the insurer against its insured for the purposes of determining its duties under the policy.  As discussed at length above, this is a supplemental complaint action under Ohio Rev. Code § 3929.06, the outcome of which will be a judgment for or against the insurer for the limits of the policy.  The action was brought against the insurer by the injured party, who stands in the shoes of the insured.  Any claims by Everest against Willo and Johnson will no longer be a part of these proceedings, as the Court has already determined that Willo and Johnson were improperly joined and are dismissed.

As a final argument, Doepker contends that this Court's exercise of jurisdiction would constitute a jurisdictional slippery slope down which insurance cases would quickly slide, to the detriment of the state courts:  "[T]his Court is creating a dangerous precedent by accepting jurisdiction of this matter.  All insurance companies in the future will seek to remove similar actions to this and other federal courts and rely upon this Court's decision when doing so." (Reply in Supp. of Motion for Reconsid., p. 3).

The United States Supreme Court addressed this argument in *Caterpillar v. Lewis*, 519 U.S. 61, 77 (1996):

> [Respondent's] prediction that rejection of his petition will 'encourage state court defendants to remove cases improperly,' rests on an assumption we do not indulge -- that district courts generally will not comprehend, or will balk at applying, the rules on removal Congress has prescribed.  The prediction furthermore assumes defendants' readiness to gamble that any jurisdictional defect, for example, the absence of complete diversity, will first escape detection, then disappear prior to judgment.  The well-advised defendant, we are satisfied, will foresee the likely outcome of an unwarranted removal – a swift and nonreviewable remand order, attended by the displeasure of a district court whose authority has been improperly invoked.  The odds against any gain from a wrongful removal, in sum, render improbable [Respondent's] projection of increased resort to the maneuver.

The Court finds it unnecessary to address this argument further.

CONCLUSION

Although Everest has not filed a separate motion to dismiss Willo and Johnson, the basis of its argument in response to Doepker's Motion to Remand, as discussed above, was that the judgment debtors from the state court action were improperly joined in this supplemental complaint action. For the foregoing reasons, this Court finds that Willo and Johnson were improperly joined as defendants pursuant to Ohio Rev. Code § 3929.06, and must therefore be dismissed. Any existing cross-claims involving Willo and Johnson are likewise dismissed. Doepker's Motion to Remand and Motion for Reconsideration are denied. In light of the fact that the Court has denied Doepker's Motion to Remand, it likewise denies his Motion for Sanctions against Everest.

IT IS SO ORDERED.

DATED: January 16, 2008              s/ John R. Adams
                                     UNITED STATES DISTRICT JUDGE